

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CYNTHIA MCCLINTOCK | CIVIL ACTION NO. 06-2258 |
| -vs- | JUDGE DRELL |
| EAST FELICIANA PARISH SCHOOL BOARD | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is a motion to dismiss under Fed. R. Civ. P. 12(b)(3) and 12(b)(5) (Doc. 7) filed by defendant East Feliciana Parish School Board ("School Board"). Because the motion is well founded, we dismiss the suit.

### BACKGROUND

This suit arises out of events taking place on December 16, 2005 in Jackson, Louisiana, which is in East Feliciana Parish and therefore in the Middle District of Louisiana. On that date, the plaintiff, a teacher, was allegedly forcibly arrested in front of her students and other bystanders at the school. She filed this suit pro se on November 28, 2006, asserting claims under 42 U.S.C. § 1983 and state tort law. She then mailed a copy of the complaint, together with a waiver of service form, to the sole defendant, the School Board, which was received on January 3, 2007. The last day for service of process under the 120-day period provided by Fed. R. Civ. P. 4(m). fell on March 28, 2007, at which time service still had not been effected. On April 5, 2007, she retained counsel, who soon sought to serve the School Board using a private process

server. On April 11, 2007, on the first attempt at service, counsel included the summons but neglected to include the complaint. Realizing his error, counsel again employed a private process server and at last achieved proper service on the School Board on May 3, 2007. On May 16, 2007, the School Board filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue and under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## ANALYSIS

### I. Improper Venue

We have federal question jurisdiction under 28 U.S.C. § 1331 over this suit between two Louisiana citizens because of the plaintiff's claims under 42 U.S.C. § 1983. The appropriate venue is determined under 28 U.S.C. § 1391(b), which provides as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id. Under § 1391(b)(1), the Middle District of Louisiana would be a proper venue, since that is the residence of the only defendant, the School Board. Because there is at least one district in which the action may be brought, § 1391(b)(3) cannot apply. (If it could apply, of course, it would still allow only for the Middle District of Louisiana, since that is evidently the only judicial district where the School Board may be found.)

The only way the Western District of Louisiana might be a proper venue, then, is if it qualified as such under § 1391(b)(2). It clearly does not. The plaintiff's entire complaint is based on alleged traumatic events which occurred solely in Jackson, Louisiana in the Middle District of Louisiana. The only references in the complaint to anything happening in the Western District of Louisiana, other than the plaintiff taking a teaching position in Rapides Parish, involve a student asking her if she had "beat up a janitor in Jackson" and her own fear of a resource officer standing outside of her new classroom. (Doc. 1, p. 4, pars. 13 and 14).

The plaintiff, through counsel, argues that venue is proper in the Western District of Louisiana because the student's question about the Jackson events shows that "defendant communicated its acts and omissions across parish lines." This argument is absolutely without merit. Although we take all allegations in the complaint as true and resolve any conflicts in favor of the plaintiff, there are no allegations in the complaint that the School Board publicized the events at all, and certainly no link between the School Board and the Rapides Parish student. Morever, the complaint specifically says that "[t]he matter was published in the newspaper" and that she had already been approached about the incident by at least one acquaintance in Baton Rouge. (Doc. 1, p. 3, par. 11). Under plaintiff's reasoning, there would be venue in any place a story is reported. That is untenable.

Under § 1391(b), the only judicial district in which any part of "the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" is the Middle District of Louisiana. Thus, that is the

3

...

only proper venue. The consequences are set out in 28 U.S.C. § 1406, which reads in relevant part:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Id. Based on the procedural defects and the virtually certain prescriptive bar to recovery,[1] we exercise our discretion to dismiss the suit.

## II. Insufficiency of Service of Process

Although we dismiss, we briefly address the plaintiff's argument with respect to the insufficiency of service of process. There is absolutely no question that the plaintiff failed to serve the defendant within the 120-day period provided by Fed. R. Civ. P. 4(m), and we do not find that plaintiff has shown good cause for that failure. The only possible factor weighing in favor of excusing the plaintiff's neglect is the fact that plaintiff was proceeding pro se throughout the 120-day period. However, the plaintiff did not otherwise reveal a lack of sophistication, and pro se status, without more, does not automatically constitute good cause for failure to comply with procedural rules. See 4B

---

[1] The plaintiff's cognizable claims under Section 1983 and under Louisiana tort law apparently have a one-year prescriptive period. Hawkins v. McHugh, 46 F.3d 10, 11 (5th Cir. 1995); La. Civ. Code art. 3493. (La. R.S. § 17:416.9 at best appears to represent a duty under tort law rather than an independent claim.) This is true because the plaintiff appears to allege only simple battery by the officer, which is not an enumerated "crime of violence" under La. R.S. § 14:2(B) sufficient to give rise to a two-year prescriptive period under La. Civ. Code art. 3493.10. See La. R.S. §§ 14:33-35.

Because the suit was filed in a court of improper venue, and service of process was not made within the prescriptive period (indeed, the plaintiff did not even provide the defendant with informal notice of suit until after the prescriptive period had run), prescription was never interrupted and thus has run. La. Civ. Code art. 3462.

Wright and Miller, Federal Practice and Procedure § 1137 n.6; Kersh v. Derozier, 851 F.2d 1509 (5th Cir. 1988) (pro se plaintiff's ignorance of procedural rules is not good cause for failure to effect service timely). In any event, even if we were to excuse the failure to serve process timely, the fact that this suit was filed in a court of improper venue is probably fatal.[2]

The plaintiff suggests that the School Board's failure to comply with Fed. R. Civ. P. 4(d) by waiving service should affect this analysis. That is not so. As the language of the rule makes clear, Rule 4(d) is intended to reduce costs and promote procedural efficiency by encouraging defendants to waive service of process. There are two mechanisms for doing this, both of them aimed at the defendant: the carrot (increasing the length of time that the defendant has to answer the complaint in the event the waiver is signed) and the stick (imposition of costs for service of process in the event the waiver is not signed). However, nothing in Rule 4(d) exempts the plaintiff from complying with Rule 4(m)'s 120-day service period in the event the defendant does not waive service. Accordingly, we must still find that the plaintiff failed to serve the School Board timely.

However, it is true that the School Board refused to waive service of process and has not shown good cause for that failure. The penalty under Rule 4(d) is the imposition of costs for service. Because there is no exception to this penalty under Rule 4 for the plaintiff's untimely service, we will require the School Board to pay the expenses

---

[2] Although we could forgive the untimeliness of service under Fed. R. Civ. P. 4, that would not change the fact that the service was not made within the one-year prescriptive period for the underlying claims, required here because the suit was filed in a court of improper venue. La. Civ. Code art. 3462.

5

incurred by the plaintiff in effecting service, provided that the plaintiff submits a request with proper documentation of those expenses within 10 days of the signing of judgment. Moreover, we allow the plaintiff to recover the expenses <u>only</u> for the May 3, 2007 proper service of process. There is no reason that the School Board should have to pay for the April 11, 2007 attempted service, since the failure of that attempt was caused solely by the plaintiff's neglect.

## CONCLUSION

A separate judgment will issue in accordance with this ruling granting the motion to dismiss (Doc. 7), dismissing the suit with prejudice, and awarding the plaintiff the costs associated with the May 3, 2007 service of process, provided the plaintiff comply with certain requirements.

SIGNED on this 11 day of January, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE